STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CRIMINAL ACTION
                                                  Docket No.   CR-10-515
                                                  REM - KEN - 3/30 /2011

STATE OF MAINE

       v.                                         ORDER DENYING
                                                  MOTION TO STRIKE
RYAN WHITTEN,

            Defendant


       Defendant filed his "Motion to Strike Prior" on February 14, 2011, and the court

heard argument from counsel on that motion on March 9, 2011. Although defendant's

written motion contends that defendant did not adequately waive counsel with respect

to a prior conviction in the Lewiston District Court (CR-07-477), at oral argument,

counsel for the defendant indicated that it was waiving that basis for the pending

motion. Instead, defendant contends the motion to strike should be granted based

upon the court's failure to properly advise the defendant of the range of possible

sentence that could have been imposed in connection with the 2007 conviction for

operating under the influence in the Lewiston District Court.

       A transcript of the April 11, 2007 proceeding at the Lewiston District Court was

presented to the court for its consideration in regard to the pending motion. In that

proceeding, the defendant pled guilty to the charge of operating under the influence of

intoxicants (OUI), a Class D criminal offense. This offense, as with any Class D criminal

offense, could result in the imposition of a sentence of incarceration of up to 364 days.

During the colloquy associated with the plea in the prior OUI conviction, the court did

not expressly indicate to the defendant that the possible range of sentences for that

offense could involve a jail sentence of up to 364 days. Before accepting the defendant's

guilty plea, the court did fully explain that there was a mandatory minimum jail sentence of forty-eight hours associated with that offense. The court also went on, at some length, describing the alternative sentencing option that would be available to the defendant, and in fact offered that specific alternative to the defendant in that matter. The defendant instead selected to serve the forty-eight hours in jail after he was given assurance that his request for a stay of execution of that sentence would be granted. The forty-eight hour jail sentence was, in fact, the sentence imposed as a result of that prior conviction in the Lewiston District Court.

Defendant contends in the pending matter that, despite having received the exact forty-eight hour jail sentence that he was instructed would be mandatory and was instructed would be imposed for the prior conviction, that that prior conviction should be stricken in this case because he was not advised that the potential maximum sentence that could have been imposed for that prior conviction was a jail sentence of up to 364 days. Defendant now contends that because the court in the prior conviction failed to specifically indicate the range of allowable punishments, that that conviction should be stricken because the plea provided by him was not knowingly and voluntarily made.

Defendant contends the United State Supreme Court in *Iowa v. Tovar*, 541 U.S. 77 (2004), lends support for his proposition that the prior conviction should be stricken. In *Tovar*, the trial court accepted the defendant's guilty plea at an arraignment session and subsequently had a sentencing hearing the following month and imposed the minimum two-day jail sentence and fine for the charge of operating a motor vehicle under the influence of alcohol (OWI). Tovar was subsequently charged for a later OWI which was enhanced to a felony offense based upon the earlier OWI conviction. The Iowa Supreme Court determined that the colloquy preceding the acceptance of the earlier

2

*Tovar* guilty plea was constitutionally inadequate because it failed to contain certain specific warnings to Tovar. The U.S. Supreme Court reversed and remanded, holding that the specific warnings ordered by the Iowa Supreme Court were not specifically mandated by the constitution. Setting forth the reasons for rejecting the specific admonitions required by the Iowa Supreme Court, the U.S. Supreme Court noted, in pertinent part to the issues presented in this pending matter, "In a case so straight forward . . . the admonitions at issue might confuse or mislead a defendant more than they would inform him . . . . " Tovar, U.S. at 93.

Similarly, in this case, the court concludes that the particular facts and circumstances surrounding the colloquy between the court and the defendant regarding the sentence to be imposed in the prior conviction (namely, the imposition of the forty-eight hour jail sentence) could have similarly confused the defendant had there been a further requirement that the Court, nonetheless, instruct the defendant of a possible jail sentence of up to 364 days as the maximum allowable range.

Accordingly, the court finds that the failure to expressly set forth that allowable range of sentence during the colloquy leading up to the acceptance of the defendant's guilty plea in that prior conviction did not yield a constitutionally deficient conviction. Therefore, the court concludes that the defendant's motion to strike in the pending matter must be denied.

DATED: 3/30/11

Robert E. Murray
Justice, Superior Court

3

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2010-00515

**DOCKET RECORD**

DOB: 11/06/1980
Attorney: MATTHEW NICHOLS                     State's Attorney: EVERT FOWLE
          NICHOLS WEBB & LORANGER PA
          477 CONGRESS ST., SUITE 800
          PORTLAND ME 04101
          RETAINED 09/09/2010

## Charge(s)

1    OPERATING UNDER THE INFLUENCE-2 PRIORS      07/20/2010 WINTHROP
Seq 11519 29-A  2411(1-A)(B)(2)         Class C


2    OPERATE VEHICLE WITHOUT LICENSE-            07/20/2010 WINTHROP
     COND/RESTRIC
Seq 9868  29-A  1251(1)(B)               Class E  Charged with COMPLAINT on Suppleme


## Docket Events:

07/21/2010 FILING DOCUMENT -  CASH BAIL BOND FILED ON 07/21/2010

07/21/2010 Charge(s): 1
           HEARING -   INITIAL APPEARANCE SCHEDULED FOR 09/28/2010 @ 8:30

           NOTICE TO PARTIES/COUNSEL
07/21/2010 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 07/21/2010

           Bail Receipt Type: CR
           Bail Amt: $1,000
                                   Receipt Type: CK
           Date Bailed: 07/21/2010  Prvdr Name: RYAN  WHITTEN
                                   Rtrn Name: RYAN  WHITTEN


09/09/2010 MOTION -   OTHER MOTION FILED BY DEFENDANT ON 09/09/2010

           Attorney:  MATTHEW NICHOLS
           MOTION FOR PREPARATION OF REPORTS BY EXPERT WITNESS.
09/09/2010 MOTION -   MOTION TO SUPPRESS FILED BY DEFENDANT ON 09/09/2010

           Attorney:  MATTHEW NICHOLS
09/09/2010 Party(s):  RYAN V WHITTEN
           ATTORNEY -   RETAINED ENTERED ON 09/09/2010

           Attorney:  MATTHEW NICHOLS
09/23/2010 Charge(s): 1,2
           SUPPLEMENTAL FILING -  COMPLAINT FILED ON 09/22/2010

09/28/2010 BAIL BOND -  CASH BAIL BOND CONTINUED AS POSTED ON 09/28/2010

              M MICHAELA MURPHY , JUSTICE
              Date Bailed: 07/21/2010
09/28/2010 Charge(s): 1
              HEARING -  INITIAL APPEARANCE HELD ON 09/28/2010
              M MICHAELA MURPHY , JUSTICE
              Reporter: JANETTE COOK
09/28/2010 Charge(s): 1,2
              HEARING -  STATUS CONFERENCE SCHEDULED FOR 11/30/2010 @ 8:30


09/28/2010 Charge(s): 1,2
              PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 09/28/2010


09/29/2010 Charge(s): 1,2
              HEARING -  STATUS CONFERENCE NOTICE SENT ON 09/29/2010


11/30/2010 Charge(s): 1,2
              MOTION -  MOTION TO STRIKE FILED BY DEFENDANT ON 11/30/2010


12/01/2010 Charge(s): 1,2
              HEARING -  STATUS CONFERENCE HELD ON 11/30/2010
              ROBERT E MURRAY JR, JUSTICE
              Attorney: MATTHEW NICHOLS
              DA:  BRAD GRANT            Reporter: JANETTE COOK
              Defendant Present in Court
12/01/2010 Charge(s): 1,2
              HEARING -  STATUS CONFERENCE SCHEDULED FOR 02/08/2011 @ 10:00


12/01/2010 Charge(s): 1,2
              HEARING -  STATUS CONFERENCE NOTICE SENT ON 12/01/2010


12/20/2010 Charge(s): 1,2
              SUPPLEMENTAL FILING -  INDICTMENT FILED ON 12/17/2010


12/20/2010 Charge(s): 1,2
              HEARING -  STATUS CONFERENCE NOT HELD ON 12/20/2010


12/20/2010 Charge(s): 1,2
              HEARING -  ARRAIGNMENT SCHEDULED FOR 01/25/2011 @ 8:30


12/20/2010 Charge(s): 1,2
              HEARING -  ARRAIGNMENT NOTICE SENT ON 12/20/2010


01/25/2011 Charge(s): 1,2
              HEARING -  ARRAIGNMENT HELD ON 01/25/2011
              ROBERT E MURRAY JR, JUSTICE
              DA:  BRAD GRANT
              Defendant Present in Court

              READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
              DEFENDANT.  21 DAYS TO FILE MOTIONS
01/25/2011 Charge(s): 1,2
              PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 01/25/2011

01/25/2011 HEARING - MOTION TO STRIKE SCHEDULED FOR 03/09/2011 @ 8:30

       NOTICE TO PARTIES/COUNSEL
01/25/2011 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 03/09/2011 @ 8:30

       NOTICE TO PARTIES/COUNSEL
02/17/2011 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 02/16/2011

02/17/2011 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 03/09/2011 @ 8:30

       NOTICE TO PARTIES/COUNSEL
02/17/2011 MOTION - MOTION TO STRIKE FILED BY DEFENDANT ON 02/16/2011

02/17/2011 HEARING - MOTION TO STRIKE SCHEDULED FOR 03/09/2011 @ 8:30

       NOTICE TO PARTIES/COUNSEL
03/07/2011 OTHER FILING - TRANSCRIPT FILED ON 03/07/2011

       COPY OF TRANSCRIPT OF PRIOR CONVICTION
03/11/2011 Charge(s): 1,2
       TRIAL - JURY TRIAL SCHEDULED FOR 03/15/2011 @ 8:30

       NOTICE TO PARTIES/COUNSEL
03/22/2011 Charge(s): 1,2
       TRIAL - JURY TRIAL CONTINUED ON 03/15/2011

03/22/2011 Charge(s): 1,2
       TRIAL - DOCKET CALL SCHEDULED FOR 04/05/2011 @ 8:30

03/22/2011 Charge(s): 1,2
       TRIAL - DOCKET CALL NOTICE SENT ON 03/22/2011

03/22/2011 HEARING - MOTION TO STRIKE HELD ON 03/09/2011

03/22/2011 MOTION - MOTION TO STRIKE UNDER ADVISEMENT ON 03/09/2011

03/22/2011 HEARING - MOTION TO SUPPRESS CONTINUED ON 03/09/2011

03/22/2011 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 04/05/2011 @ 8:30

       NOTICE TO PARTIES/COUNSEL
03/24/2011 OTHER FILING - OTHER DOCUMENT FILED ON 03/24/2011

       Attorney: MATTHEW NICHOLS
       EXPERT WITNESSES: ROBERT MORGNER AND PATRICK DEMERS
03/31/2011 MOTION - MOTION TO STRIKE DENIED ON 03/30/2011
       ROBERT E MURRAY JR, JUSTICE
       COPY TO PARTIES/COUNSEL
03/31/2011 HEARING - MOTION TO SUPPRESS CONTINUED ON 03/09/2011

03/31/2011 HEARING - MOTION TO STRIKE HELD ON 03/09/2011
       ROBERT E MURRAY JR, JUSTICE
       Defendant Present in Court

03/31/2011 Charge(s): 1,2
          MOTION -  MOTION TO STRIKE UNDER ADVISEMENT ON 03/09/2011


03/31/2011 Charge(s): 1,2
          MOTION -  MOTION TO STRIKE DENIED ON 03/30/2011
          ROBERT E MURRAY JR, JUSTICE
          COPY TO PARTIES/COUNSEL
03/31/2011 ORDER -  COURT ORDER FILED ON 03/30/2011
          ROBERT E MURRAY JR, JUSTICE
          ACCORDINGLY, THE COURT FINDS THAT THE FAILURE TO EXPRESSLY SET FORTH THAT ALLOWABLE RANGE
          OF SENTENCE DURING THE COLLOQUY LEADING UP TO THE ACCEPTANCE OF THE DEFENDANT'S GUILTY
          PLEA IN THAT PRIOR CONVICTION DID NOT YIELD A CONSTITUTIONALLY DEFICIENT CONVICTION.
          THEREFORE, THE COURT CONCLUDES THAT THE DEFENDANT'S MOTION TO STRIKE IN THE PENDING MATTER
          MUST BE DENIED.
03/31/2011 ORDER -  COURT ORDER FILED ON 03/30/2011
          ROBERT E MURRAY JR, JUSTICE
          ACCORDINGLY, THE COURT FINDS THAT THE FAILURE TO EXPRESSLY SET FORTH THAT ALLOWABLE RANGE
          OF SENTENCE DURING THE COLLOQUY LEADING UP TO THE ACCEPTANCE OF THE DEFENDANT'S GUILTY
          PLEA IN THAT PRIOR CONVICTION DID NOT YIELD A CONSTITUTIONALLY DEFICIENT CONVICTION.
          THEREFORE, THE COURT CONCLUDES THAT THE DEFENDANT'S MOTION TO STRIKE IN THE PENDING MATTER
          MUST BE DENIED.

A TRUE COPY
ATTEST:    _____
                    Clerk